## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GERALD MITCHELL,
                    Appellant,

                    v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
DA-3443-14-0350-I-1

DATE: February 25, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gerald Mitchell, Memphis, Tennessee, pro se.

Ronald E. Jones, Esquire, Dallas, Texas, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1        The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the agency's actions regarding his health insurance and disability retirement application for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant filed three initial appeal forms alleging that the agency caused the loss of his health insurance and improperly completed two forms in connection with his application for disability retirement. Initial Appeal File (IAF), Tab 1 at 3, 8, 14. Further, he alleged discrimination, sexual harassment, whistleblower reprisal, and reprisal for his participation in prior Board appeals. IAF, Tab 6 at 3. In addition, he raised a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) as a "Non Vet." *Id.* The Board docketed the claims as one appeal. IAF, Tab 1 at 1. The administrative judge issued orders to the parties, which advised the appellant of his burden of proof regarding jurisdiction and instructed him to respond. IAF, Tab 2 at 2, Tabs 5, 9. After the parties responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing. IAF, Tab 1 at 2, 7, 12, Tabs 6, 11-12, Tab 15, Initial Decision (ID) at 1, 6. The appellant has

submitted a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has responded to the petition for review.  PFR File, Tab 3.

The administrative judge correctly dismissed the appeal for lack of jurisdiction.

¶3     The appellant makes no specific arguments on review.[2]  PFR File, Tab 1 at 3.  The administrative judge found that the Board lacks jurisdiction over this appeal. ID at 1, 6.  We agree.

¶4     The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction over his appeal.  5 C.F.R. § 1201.56(a)(2)(i).

¶5     The Board lacks jurisdiction over the appellant's health insurance claim because claims concerning federal employee life insurance and federal employee health insurance programs are beyond the Board's jurisdiction.  *See Niederhofer v. Office of Personnel Management*, 115 M.S.P.R. 211, ¶ 5 (2010).  Further, prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction.  *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867 (D.C. Cir. 1982).  Because the Board lacks jurisdiction over the alleged denial of health insurance, the Board also lacks jurisdiction over the appellant's allegations of discrimination, sexual harassment, and reprisal for his participation in appeals.  Further, a Postal Service employee may only raise a whistleblower reprisal claim as an affirmative defense to an adverse action, and not as an individual right of action appeal.  5 U.S.C. §§ 104(1), 105, 2302(a)(2)(C); 39 U.S.C. § 201; *Mack v. U.S. Postal Service*, 48 M.S.P.R. 617, 620-21 (1991).

---

[2] Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error.  *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980).

¶6    To establish jurisdiction over a USERRA claim, an appellant must allege that he served in the military. *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014).  The appellant indicated that he had no prior military service.  *See* IAF, Tab 1 at 1, Tab 6 at 3.  Therefore, the Board lacks jurisdiction over his appeal under USERRA.

¶7    The appellant also indicated below that he was appealing the agency's "decision and/or action to falsify and [failure] to complete and/or to properly complete SF [Standard Form] 3112B Supervisor's Statement" for his disability retirement application.  IAF, Tab 1 at 8.  Further, he indicated that he was appealing the agency's alleged decision to "falsify and failure to complete and/or to properly complete SF 3112D, [Agency Certification of Reassignment and Accommodation Efforts]."  *Id.* at 14.

¶8    The Board generally has jurisdiction over an Office of Personnel Management (OPM) determination affecting an individual's rights or interests under the retirement system only after OPM has issued a final or reconsideration decision.  *Tatum v. Office of Personnel Management*, 82 M.S.P.R. 96, ¶ 7 (1999).  The scope of an appeal to the Board is limited to the claims of entitlement to retirement benefits adjudicated by OPM.  *Id.*  In the instant case, the Board does not have jurisdiction over the appellant's disability retirement claim because his claim does not pertain to OPM's decision on his disability retirement application.  However, in *Mitchell v. Office of Personnel Management*, MSPB Docket No. AT-0831-14-0611-I-1, the appellant challenged OPM's decision on his disability retirement application.  That case is currently pending on review with the Board and the appeal of OPM's determination will be addressed in a separate decision.

¶9    On petition for review, the appellant states: "The appellant files this petition for review based on the filing of the case of [*Gerald Mitchell v. United States Postal Service*] with Docket # DA-0353-14-0545-I-1 and upon the content therein which the appellant believes is new and material evidence and/or but not limited to legal argument(s)."  PFR File, Tab 1 at 3.  In his appeal in MSPB

Docket No. DA-0353-14-0545-I-1, the appellant challenged the agency's alleged "failure to restore/reemploy/reinstate or improper restoration/reemployment/ reinstatement." MSPB Docket No. DA-0353-14-0545-I-1, Initial Appeal File, Tab 1 at 3.

¶10    We find that the above assertion in the appellant's petition for review does not constitute an attempt to file a petition for review in MSPB Docket No. DA-0353-14-0545-I-1, wherein the administrative judge has not yet issued an initial decision, but is instead a request that the Board consider the record in MSPB Docket No. DA-0353-14-0545-I-1 in adjudicating this case. The appellant has not, however, explained what evidence in MSPB Docket No. DA-0353-14-0545-I-1 he believes is relevant to this appeal, nor has he shown that any such evidence in MSPB Docket No. DA-0353-14-0545-I-1 is new and material to his claims in this case that the agency improperly completed forms relating to his disability retirement application and caused him to not have health insurance. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.